1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  DAVID LEONARD BAKER,                    CASE NO. 1:11-cv-01962 GSA PC

10                    Plaintiff,           ORDER DISMISSING COMPLAINT, WITH
                                            LEAVE TO FILE AMENDED COMPLAINT
11       v.                                 WITHIN THIRTY DAYS

12  CSP WARDEN, et al.,                     (ECF No. 1)

13                    Defendants.
                                       /
14

15                          **Screening Order**

16  **I.    Screening Requirement**

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction  pursuant to

19  28 U.S.C. § 636(c).

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28  ///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   <u>Plaintiff's Claims</u>**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against the Warden at CSP Corcoran, the Secretary of the CDCR, and "Mental Health Staff Does 1-100." Plaintiff's statement of claim, in its entirety, follows: "Inmate access to court petition for writ of habeas corpus confession for clemency and pardon mailing legal documents." (Compl. ¶ V.)

**A.   <u>Access to Courts</u>**

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). Under prior law, <u>Bounds</u> was treated as establishing "core requirements," such that a prisoner alleging deprivation of the <u>Bounds</u> minima need not allege actual injury to state a constitutional claim. <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. <u>Casey v. Lewis</u>, 518 U.S.343 (1996).

To establish a <u>Bounds</u> violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. <u>Casey</u>, <u>supra</u>, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner to

discover grievances" or to "litigate effectively once in court."

Here, the Court finds Plaintiff's allegations to be vague and conclusory.   Plaintiff's reference to a habeas petition does not, of itself, satisfy the pleading standard for an access to courts claim.   Plaintiff must specifically identify a legal action that challenges his underlying criminal conviction or the conditions of his confinement, and allege specific conduct by an individual defendant that caused him actual injury.   Plaintiff's vague reference to a habeas petition is insufficient to state a claim for relief.

Further, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.   Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made."  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743.44).   Plaintiff must link each individual defendant withe conduct that caused him injury.  Plaintiff has failed to do so here.[1]

**B.    Supervisory Liability**

The only identifiable individual defendants are the CSP Warden and the Secretary of the CDCR.  Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  A supervisor may be held liable for

[1] Plaintiff also names Doe defendants.  Plaintiff is advised that the Court can not order service upon unidentified defendants.  Plaintiff must identify each defendant, and allege facts indicating that each defendant caused him actual injury as that term is defined above.

3

the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).   Plaintiff has not alleged any facts indicating personal participation by the supervisory defendants, or facts indicating any conduct by the supervisory defendants.  They should therefore be dismissed.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Plaintiff need not, however, set forth legal arguments in support of his claims.   In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.   Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Plaintiff has failed to do so here.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:**   **March 29, 2012**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

5